IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE JASON MILLER,        ) | |
| )  | |
| Petitioner,            ) | |
| )  | |
| v.                   ) | Civil Case No. 11-940-DRH-PMF |
| )  | |
| MICHAEL P. ATCHISON.,  ) | |
| )  | |
| Respondent.           ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court are petitioner Eddie Jason Miller's motion for summary judgment and respondent's motion to dismiss (Doc. Nos. 12, 14). Miller filed this § 2254 petition for a writ of habeas corpus, challenging on four grounds his 2003 conviction out of Champaign County Circuit Court. Following threshold review, the respondent was ordered to address the timeliness of Miller's petition (Doc. No. 6). Respondent filed a motion to dismiss, arguing that Miller's petition is barred by the one-year statute of limitations. Miller maintains that the circumstances permit entry of default judgment and asks for an evidentiary hearing.

**I.   Summary Judgment**

Miller seeks summary judgment in his favor, claiming that habeas relief should be granted because a responsive pleading was not filed by the September 13, 2012, deadline. He suggests that the Court must view the absence of a timely response as a concession that his habeas claims have substantial merit. The motion is opposed (Doc. 13).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Miller has not demonstrated that he is entitled to judgment in his favor. His argument presumes an untimely response or default, yet there is no entry of default, which is a procedural prerequisite to any default judgment. Fed. R. Civ. P. 55. Moreover, there are insufficient reasons to conclude that respondent conceded the merits of Miller's habeas claims. The Order directing a response does not reach the merits of Miller's petition – only the question of its timeliness (Doc. No. 6). In any event, a timely response has been filed (Doc. Nos. 11, 14). *See* Fed. R. Civ. P. 6(d).

Miller also suggests that any other result would deprive him of due process, calling attention to his own obligation to meet statutory filing deadlines. This argument is not persuasive. Deadlines set by Congress for initiating habeas litigation are distinct from those governing a responsive pleading. In these particular circumstances, Miller's motion for summary judgment should be denied.

## II. Request for Evidentiary Hearing

Miller has filed a motion for evidentiary hearing, without identifying any pertinent facts that could be developed through testimony (Doc. No. 16). Evidentiary hearings must be warranted by the circumstances, and are subject to certain restrictions. 28 U.S.C. § 2254(e)(2) and § 2254 (Rule 8). There is no basis to infer that an evidentiary hearing would be helpful. This motion should be denied.

### III.    Statute of Limitations

Respondent challenges the timeliness of Miller's petition.  The question presented is whether Miller filed his § 2254 petition within the limitations period prescribed by 28 U.S.C. §§ 2244(d)(1)(A) and 2244(d)(2).  Those subsections give Miller one year from the date on which his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review" and toll the limitations period during post-conviction proceedings. Miller's response incorporates his argument for summary judgment, addressed above (Doc. No. 18).

Miller was convicted of heinous battery, sentenced in February, 2003, to a 42-year term of imprisonment.  On direct appeal, his conviction was affirmed on January 7, 2005.  Miller's petition for leave to appeal was denied by the Illinois Supreme Court on March 30, 2005.  The deadline for filing a petition for writ of certiorari expired on June 28, 2005.

Miller filed a petition for post conviction relief on September 20, 2005.  The petition was dismissed on December 21, 2005, and that ruling was affirmed on February 28, 2008.  Miller's effort to obtain review by the Illinois Supreme Court was denied on May 29, 2008.

Miller's state court proceedings became final on June 28, 2005, and the statute of limitations clock began ticking.  The one-year limitations period was tolled between September 20, 2005 and May 29, 2008.  The limitations period expired on March 6, 2009.

The undersigned is satisfied that Miller's § 2254 petition, filed on October 21, 2011, is untimely.  While Miller attempts to excuse this delay by asserting that he faced a continual state of lockdown with no law library services during lockdown periods, this assertion is insufficient to demonstrate grounds for additional tolling of the limitations period.  In order to benefit from the doctrine of equitable tolling, Miller must bolster bare assertions with specific details

demonstrating that extraordinary circumstances prevented him from filing his habeas petition on time. *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549 (2010). Equitable tolling is rare, reserved for truly extraordinary circumstances. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Without even a skeleton of facts correlated to relevant dates, the Court has no basis to infer that the conditions of Miller's confinement were extraordinary or that those circumstances actually prevented him from initiating habeas litigation in a timely manner. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)(prisoner's limited legal resources did not support equitable tolling). In these circumstances, a certificate of appealability should be denied. 28 U.S.C. § 2254 (Rule 11).

### IV. Conclusion

IT IS RECOMMENDED that:

(a). Petitioner's motion for summary judgment and motion for an evidentiary hearing (Doc. Nos. 12, 16) be DENID.

(b). Respondent's motion to dismiss (Doc. No. 14) be GRANTED.

Eddie Jason Miller's petition for a writ of habeas corpus (Doc. No. 1) should be dismissed as untimely. A certificate of appealability should not be issued.

**SUBMITTED:** __February 15, 2013__.

 s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**