IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDDIE JASON MILLER,**

 **Petitioner,**

**v.**

**RICK HARRINGTON,**[1]

 **Respondent.**       **No. 11-cv-940-DRH-PMF**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

 Before the Court is a Report and Recommendation (R&R) (Doc. 20), issued on February 15, 2013, by United States Magistrate Judge Philip M. Frazier recommending that the Court deny petitioner Eddie Jason Miller's motion for summary judgment and motion for an evidentiary hearing (Docs. 12, 16), grant respondent's motion to dismiss (Doc. 14), and dismiss petitioner's § 2254 petition for a writ of habeas corpus as untimely.

 Upon issuance, the R&R was sent to the parties with a notice informing them of their right to file objections within fourteen days of service (*See* Doc. 20-1). Thus, the parties' objections were due on or before March 4, 2013. Neither

---

[1] As Rick Harrington has replaced Michael P. Atchison as warden at Menard Correctional Center, **the Clerk is directed to substitute him as respondent in this action.** Fed. R. Civ. P. 25(d); Habeas Rule 2(a); *Rumsfeld v. Padilla,* 542 U.S.426, 435 (2004) (only proper respondent in collateral attack, where petitioner in present custody, is petitioner's custodian).

party filed objections to the R&R.  Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review.  *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).  Accordingly, the Court **ADOPTS** the R&R (Doc. 20) in its entirety. Thus, the Court **DENIES** petitioner's motion for summary judgment (Doc. 12), **DENIES** petitioner's motion for an evidentiary hearing (Doc. 16), **GRANTS** respondent's motion  to dismiss (Doc. 14) and thus **DISMISSES with prejudice** petitioner's § 2254 petition for habeas corpus as untimely (Doc. 1). The Clerk is instructed to enter judgment accordingly.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether it should grant petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional

right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

The R&R finds that petitioner's one-year limitations period expired on March 6, 2009. Thus, petitioner's § 2254 petition filed on October 21, 2011, is untimely. The R&R further notes that while petitioner attempts to excuse his delay with a conclusory allegation that he has been in a continual state of lockdown with no access to law library services, such vague assertions are insufficient to demonstrate additional grounds for tolling. As stated above, the Court adopts this finding as its own. The Court instantly finds reasonable jurists would not debate the correctness of this ruling. Accordingly, the Court **DENIES** petitioner a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 18th day of March, 2013.

Digitally signed by David R. Herndon
Date: 2013.03.18 16:54:55 -05'00'

**Chief Judge**
**United States District Court**